## Case No. 6,928.
### HURST v. DURNELL.
[1 Wash. C. C. 438.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

##### ATTORNEYS—WARRANT OF ATTORNEY—FEES.

Where three members of the bar enter their appearance for the defendant, to suits instituted against him, and all are equally called upon, and act as the attorneys of the defendant, no warrant of attorney having been given by the defendant to either; the attorney's fee, in the bill of costs, is to be equally divided among all who have acted in the case, and who have appeared to the suit.

This was a motion made to try the question, whether Mr. Gibson was entitled to the attorney's fees in the ejectments—[see Cases Nos. 6927 and 6936]—80 or 100 in number—brought by the lessor of Hurst, against a number of persons in the Northern Liberties; or whether Ingersoll and Rawle are not entitled to share those fees with him. It appeared that Mr. Gibson was first applied to, by the defendants in those causes, to enter his appearance, at which time he received a small fee; that at this time, Ingersoll and Rawle had been applied to, but upon some disagreement about the fees, offered and demanded, no engagement had been made, but the treaty was still going on. Mr. Gibson ordered his appearance to be entered before the return day. During the same term, however, to which the suits were returned, Ingersoll and Rawle were employed, to appear to all the suits, and received a payment

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

of some money. They afterwards received other fees, for the arguments in the two causes which were tried. Mr. Gibson was offered an additional fee, but from delicacy to the other gentlemen, refused. The names of all the gentlemen were entered on the docket for the defendants, and all the rules taken in the causes, defences, and motions, were taken and made by Ingersoll and Rawle. No warrant of attorney was given to either, nor is it usual in this state to give them; though it has sometimes been done.

Binney & Hopkinson, for Ingersoll and Rawle.

Lewis & Levy, for Gibson.

BY THE COURT. If a warrant of attorney had been given to Mr. Gibson, the gentleman first employed, he would have been exclusively entitled to the attorney's fees. But this not being the case, the defendant had a right to employ as many attorneys as he pleased; and it appears that the three gentlemen were employed generally, to appear, without any distinction made or contemplated between their duties as counsel and attorney. We can only judge of the nature of their employment, by what they did, and all of them appear equally to have performed the duties of attorneys. All, therefore, are equally entitled to divide the attorneys' fees.

[In Case No. 6,940 a motion for a continuance on the ground of an improper publication was denied.]